IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| PATRICIA NEUENSCHWANDER, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12cv7 |
| | ) | |
| U.S. CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, | ) | |
|    Defendant. | ) | |

## MEMORANDUM OPINION

This challenge to a denial of an application for naturalized U.S. citizenship requires determining whether a conviction for distribution of ecstasy in violation of Virginia law prohibits the applicant from establishing the required element of good moral character, notwithstanding that the distribution was not for commercial gain. For the reasons that follow, such a conviction precludes demonstration of good moral character because the lack of financial remuneration in the underlying offense is immaterial. The denial of the application was therefore proper.

### I.

The pertinent facts are undisputed and may be briefly stated. Plaintiff Patricia Neuenschwander is a citizen of Bolivia currently residing in Fairfax County, Virginia. She came to the United States as a permanent legal resident on November 25, 1987. In 2001, Neuenschwander was arrested by Virginia authorities on several drug-related criminal charges. On November 28, 2001, she pled guilty to the charge of "Distribution of a Controlled Drug, to wit: methylenedioxymethamphetamine," commonly known as ecstasy, a Schedule I controlled substance. At sentencing, the state court mitigated the conviction to an accommodation offense pursuant to Virginia Code § 18.2-248(D), which provides that a person who "proves" that she

distributed a Schedule I controlled substance "only as an accommodation to another individual . . . and not with the intent to profit thereby . . . shall be guilty of a Class 5 felony."

On April 26, 2007, Neuenschwander submitted an application to become a naturalized U.S. citizen. On October 27, 2008, U.S. Citizenship and Immigration Services ("USCIS") denied her application on the ground that her ecstasy-distribution conviction, which USCIS determined to be an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), precluded her from establishing "good moral character" as required under 8 U.S.C. § 1427(a)(3). Neuenschwander filed a rehearing request, but on October 5, 2011, USCIS issued a decision confirming the denial of her naturalization application. The instant action followed. *See* 8 U.S.C. § 1421(c) (allowing a person whose naturalization application has been denied to "seek review of such denial before the United States district court for the district in which such person resides"). The parties promptly filed cross-motions for summary judgment. These motions have been fully briefed and argued and are now ripe for disposition.

## II.

Summary judgment is appropriate where, on the basis of undisputed material facts, the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The question on summary judgment is "whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant[.]" *In re Apex Express*, 190 F.3d 624, 633 (4th Cir. 1999). Importantly, to defeat summary judgment the non-moving party may not rest upon a "mere scintilla" of evidence, but must set forth specific facts showing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Thus, the party with the burden of proof on an issue cannot prevail at

summary judgment on that issue unless that party adduces evidence that would be sufficient, if believed, to carry the burden of proof on that issue at trial. *See Celotex*, 477 U.S. at 322.

### III.

Resolution of the parties' cross-motions for summary judgment requires determining whether USCIS was correct in denying Neuenschwander's application for naturalized U.S. citizenship on the ground that the Immigration and Naturalization Act ("INA") barred her from proving that she was a "person of good moral character." Analysis properly begins with the section of the INA on which USCIS relied in denying Neuenschwander's application for citizenship, namely, 8 U.S.C. § 1427(a)(3), which requires an applicant for naturalized U.S. citizenship to prove that she is a "person of good moral character." An applicant cannot meet this requirement if she has "has been convicted of an aggravated felony,"[1] which includes a judgment on the basis of a guilty plea.[2] The INA defines an "aggravated felony" as, *inter alia*, "illicit trafficking in a controlled substance (as defined in [21 U.S.C. § 802]), including a drug trafficking crime (as defined in [18 U.S.C. § 924(c)])[.]"[3] Thus, under the INA, a drug-related offense constitutes an "aggravated felony" if either (i) it is "illicit trafficking" in and of itself, or alternatively (ii) "illicit trafficking" by reason of being "a drug trafficking crime." *See Lopez v. Gonzales*, 549 U.S. 47, 57 (2006).[4] USCIS does not contend that Neuenschwander's offense of

---

[1] 8 U.S.C. § 1101(f)(8).

[2] 8 U.S.C. § 1101(a)(48)(A).

[3] An offense may constitute an "aggravated felony" irrespective of whether the offense was "in violation of Federal or State law[.]" 8 U.S.C. § 1101(a)(43).

[4] *See also Gerbier v. Holmes*, 280 F.3d 297, 305–06 (3d Cir. 2002) (describing these two alternative "routes").

conviction was "illicit trafficking" in and of itself, but instead argues that the offense was "a drug trafficking crime."

At bottom, the dispute turns on whether Neuenschwander's state-court conviction for distribution of a Schedule I controlled substance constitutes a "felony punishable under the Controlled Substances Act" within the meaning of 18 U.S.C. § 924(c)(2).[5] If so, then as USCIS concluded, Neuenschwander has committed a "drug trafficking crime," which is an "aggravated felony," and therefore cannot establish that she is a "person of good moral character" as required to become a naturalized U.S. citizen. Resolution of this question involves application of the "hypothetical federal felony" approach, under which a state offense of conviction constitutes a "'felony punishable under the Controlled Substances Act'" if "the hypothetical federal conviction would be a felony under federal law, *i.e.*, would be punishable by a term of imprisonment of over one year." *Gerbier v. Holmes*, 280 F.3d 297, 306 (3d Cir. 2002) (quoting 18 U.S.C. § 924(c)(2)). In other words, whether Neuenschwander's state-court conviction constitutes a "felony punishable under the Controlled Substances Act" turns on whether the "minimum conduct" satisfying the elements of the applicable state-law offense, "if prosecuted pursuant to federal criminal law, would necessarily be punishable as a felony." *Martinez v. Mukasey*, 551 F.3d 113, 120 (2d Cir. 2008). Thus, the question presented is whether an offense satisfying the essential elements of the state statute of conviction would be punishable as a felony under the CSA.

At the threshold, it must be taken as given that Neuenschwander was convicted under Virginia Code § 18.2-248(A), which makes it "unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled

---

[5] Virginia law and federal law both recognize that ecstasy is a Schedule I controlled substance. *See* 21 U.S.C. § 812, Schedule I, § (c); Va. Code § 54.1-3446.

substance or an imitation controlled substance." Seeking to avoid this conclusion, Neuenschwander argues she was not convicted under subsection (A), but rather under subsection (D), which provides in relevant part:

> If such person proves that he gave, distributed or possessed with intent to give or distribute a controlled substance classified in Schedule I or II only as an accommodation to another individual . . . and not with intent to profit thereby from any consideration received or expected . . . he shall be guilty of a Class 5 felony.

Va. Code § 18.2-248(D). The text of subsection (D) makes clear that, contrary to Neueschwander's understanding, it is not a separate offense on which a conviction can be independently based. First, the logical operation of subsection (D)—if the defendant "proves" that his conduct was an accommodation, then "he shall be guilty of a Class 5 felony"—indicates that subsection (D) does not itself impose criminal liability, as it would be nonsensical for a criminal prohibition to be premised on the *defendant* proving that he violated the prohibition. Moreover, the inclusion of the phrase "such person" in subsection (D)—which must refer to a person who has violated subsection (A)—confirms that subsection (D) merely "provides for mitigation of punishment where one convicted for distributing illegal drugs is found not to be a dealer in drugs[.]" *Mondido v. Commonwealth*, No. 0035-97-2, 1998 WL 420773, at *2 (Va. App. July 28, 1998) (citation and internal quotation marks omitted).[6] In this sense, subsection (D) is triggered only if the essential elements constituting an offense under subsection (A) are proven in

---

[6] *Accord Martin v. Commonwealth*, No. 2733-08-3, 2010 WL 1956703, at *2 (Va. App. May 18, 2010) (characterizing subsection (D) as "[t]he accommodation defense").

-5-

the first instance.[7] Thus, USCIS is correct that for purposes of the hypothetical federal felony analysis, Virginia Code § 18.2-248(A) is the offense of conviction.

Next, the parties dispute which provision of the CSA is analogous to the state statute of conviction. Neuenschwander argues that because her offense conduct did not involve remuneration, the analogous provision to be referenced for purposes of the categorical approach is 21 U.S.C. § 844(a), which proscribes "simple possession" of a controlled substance and is not a felony offense. USCIS responds that the analogous provision of the CSA is, instead, 21 U.S.C. 841(a), which proscribes manufacture, distribution, or possession with intent to distribute a controlled substance and is a felony offense. *See* 21 U.S.C. § 841(b)(1)(C) (providing a maximum sentence of 20 years for violations not involving death or serious bodily injury); *Lopez*, 549 U.S. at 56 n.7 (noting that "for purposes of § 924(c)(2) the crimes the CSA defines as 'felonies' are those crimes to which it assigns a punishment exceeding one year's imprisonment").

It is clear that USCIS is correct in this regard because, for purposes of the hypothetical federal felony analysis, the analogous provision of federal law is the provision that would allow for the maximum punishment of the state-law offense, namely, 21 U.S.C. § 841(a). With one exception inapplicable here,[8] any offense violating the state law at issue, Virginia Code § 18.2-248(A), must also be a violation of § 841(a)(1), which in turn would necessarily constitute "a

---

[7] This observation contextualizes a statement from the Supreme Court of Virginia that a particular person was "convicted . . . under Code § 18.2-248(D)," which is simply shorthand for the statement that a person was convicted under subsection (A) and also met his burden to show accommodation under subsection (D). *See Logan v. Commonwealth*, 276 Va. 533, 534, 666 S.E.2d 346 (2008).

[8] A violation of § 841(a)(1) is a felony unless the distribution involved a small amount of marijuana without remuneration. *See* 21 U.S.C. § 841(b)(4). Neuenschwander was convicted of distributing ecstasy, not marijuana.

felony under federal law." *Lopez*, 549 U.S. at 60. These provisions track each other almost verbatim and contain substantially the same elements. *Compare* Va. Code § 18.2-248(A) (making it "unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance") *with* 21 U.S.C. § 841(a) (making it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance").[9] The fact that a violation of Virginia Code § 18.2-248(A) may *also* have been punishable a misdemeanor under § 844(a) does not alter the fact that the offense would have been punishable as a felony under § 841(a). Thus, Neuenschwander's reference to § 844(a) is unpersuasive because the ability to punish the offense as a felony under § 841(a) is sufficient for the offense to constitute a "felony punishable under the Controlled Substances Act."[10]

The conclusion that Neuenschwander's state-court conviction constitutes a "felony punishable under the Controlled Substances Act"—and therefore an "aggravated felony" under the INA—obtains notwithstanding that the underlying conduct involved distribution of a controlled substance for no commercial gain. First, it is doubtful that the particular circumstances of the offense are properly considered under the categorical approach deployed in

---

[9] The Virginia statute's inclusion of the additional terms "sell" and "give" in the disjunctive is immaterial because to "sell" or to "give" a controlled substance under state law would necessarily constitute "distribut[ion]" of a controlled substance under § 841(a). *See* 21 U.S.C. §§ 802(8), 802(11) (defining "distribute" as "to deliver (other than by administering or dispensing) a controlled substance" and defining "deliver" as "the actual, constructive, or attempted transfer of a controlled substance").

[10] In this respect, the issue whether the offense of conviction is subsection (A) or subsection (D) is moot because if proof were adduced that a defendant "gave, distributed or possessed with intent to give or distribute a controlled substance" within the meaning of Virginia Code § 18.2-248(D), then that offense conduct would be punishable as a felony under both Virginia Code § 18.2-248(A) and 21 U.S.C. § 841(a).

the hypothetical federal felony analysis.[11] In any event, the analogous provision of federal law, § 841(a), does not require proof of remuneration; all that is required is that the person "knowingly or intentionally ... distribute ... a controlled substance[.]" 21 U.S.C. § 841(a). *See United States v. Washington*, 41 F.3d 917, 919 (4th Cir. 1994). Indeed, distribution under state law also does not require proof of commercial gain but can nonetheless be punished as a felony, even under the statute that Neuenschwander contends is the statute of conviction here, Virginia Code § 18.2-248(D).

Neuenschwander's reliance on the Supreme Court's decision in *Lopez* is misplaced because *Lopez* did not add a remuneration requirement to the definition of "drug trafficking crime" under the INA. At issue in *Lopez* was whether "felony punishable under the Controlled Substance Act," which is the definition that § 924(c) provides for "drug trafficking crime," means either (i) a felony under state law that is punishable as either a misdemeanor or a felony under the CSA, or instead (ii) a crime under state law that is punishable as a felony under federal law. In support of the conclusion that the latter meaning controls, the Supreme Court observed that "ordinarily 'trafficking' means some sort of commercial dealing." 549 U.S. at 53. In context, it is clear that this observation was made only to cast doubt on a construction of "drug trafficking crime" that would include simple possession offenses where those offenses are felonies under state law. Here, notwithstanding that *state* law treats Neuenschwander's

---

[11] Because the pertinent provision of the INA defines this bar to the good-moral-character prerequisite to naturalized citizenship "in terms of 'convictions,' rather than 'conduct,'" it is necessary to apply the categorical approach under which "the statutory elements of the crime" are examined irrespective of "the facts or conduct of the particular violation at issue." *Prudencio v. Holder*, 669 F.3d 472, 484 (4th Cir. 2012) (quoting *Taylor v. United States*, 495 U.S. 575, 600–01 (1990)).

conviction as a felony even under the accommodation provision,[12] the conviction must be considered a felony under § 924(c) because, consistent with *Lopez*, *federal* law would treat it as such. Thus, *Lopez* supports the result reached here.

In sum, Neuenschwander's state-court conviction for distribution of ecstasy "clearly constitutes a felony punishable under the CSA and is thus an aggravated felony." *Toure v. Holder*, No. 11-1640, 2012 WL 19670, at *2 (4th Cir. Jan. 5, 2012). Because her aggravated-felony conviction bars Neuenschwander from satisfying the INA's requirement that she prove herself to be a "person of good moral character," USCIS was correct in denying her application for naturalized U.S. citizenship.

An appropriate order will issue.

Alexandria, Virginia
April 27, 2012

/s/
T. S. Ellis, III
United States District Judge

---

[12] Va. Code § 18.2-248(D).